## Thomson Trust

*William P. Farrell*, for accountant.

*J. Desmond Kennedy* and *James E. O'Brien*, for life tenants.

BRADY, P. J., January 25, 1952.—This case came before us on the audit of the first partial and supplemental account of the Scranton Lackawanna Trust Company, trustee under agreement with Charles E. Thomson, Jr., and supplement thereto dated March 4, 1931. The question raised is based in paragraph eighth of the petition for distribution which reads as follows:

"That Pierce F. Purcell, Jr., husband of Mae Thomson Purcell, has presented your petitioner with the bill of Cusicks' Funeral Director amounting to $1,013.00 for the burial of Mae Thomson Purcell."

Mae Thomson Purcell was the former wife of settlor, Charles E. Thomson, Jr., deceased, who in his lifetime created the trust agreements under consideration here.

Schedule B of the trust agreement contains the following, viz.:

"Section 4. In the event that the grantor is survived by a widow then and in such event the Trustee shall pay the net income from the corpus or principal of the Trustee Estate to the widow of the grantor, for and during the term and period of her natural life.

"Section 5. From and after the death of the widow of the grantor, the Trustee shall pay the net income to the children of the grantor, share and share alike, until such children shall respectively reach the age of thirty-five years."

Charles E. Thomson, Jr., grantor, died October 17, 1937, survived by his widow, Mae Thomson, but no children. Mae Thomson, later by marriage, Mae Thomson Purcell, died September 7, 1951, and up to the time of her death was paid the income from the trust estate.

The supplemental agreement, dated March 4, 1931, contains the following provision:

"*In* the event of the death of the widow and children of the Grantor, to wit: *Charles E. Thomson, Jr.*, before any distribution under said agreement and there being no issue living of such children, then and in that event the Trust Estate shall continue for the use and benefit of the brothers and sisters of the said *Charles E. Thomson, Jr.*, for and during their respective lives."

The provision of the trust agreement on which the question raised at the audit is based, is found in section 10 of Schedule B and provides as follows:

"The Trustee is authorized to pay from the corpus or principal of any Trust Estate herein created, such reasonable sum or sums as may be necessary to defray the cost and expense of the last illness and burial, together with appropriate marker of any beneficiary of such Trust Estate. The Trustee shall have sole discretion as to the reasonableness and necessity thereof tak-

ing into consideration the estate and circumstances of such deceased beneficiary. The Trustee shall in no instance whatsoever be surcharged by reason of any such payment or payments."

In our opinion it is the duty of the trustee, either affirmatively or negatively, to exercise the discretionary power given it in the provision above quoted of the trust agreement "taking into consideration the estate and circumstances of such deceased beneficiary" before this matter can be properly before us for adjudication, and that on the exercise of such discretionary power the surviving parties in interest be given an opportunity to be heard on the approval or disapproval thereof. The trustee cannot delegate its discretionary power to the court in this instance, nor should the court be required nor permitted to substitute its judgment or discretion for that of the trustee.

"A 'discretionary power' involves an alternative power; that is, a power to do or refrain from doing a certain thing.

"Power is 'discretionary' when it is not imperative or, if imperative, when the time, manner, or extent of execution is left to donee's discretion, a 'discretionary power' being the power to do or to refrain from doing a certain thing,": 12 Words and Phrases, pages 602-603.

The trustee did not specifically ask for payment of the funeral bill in question, nor did Pierce F. Purcell, Jr., apparent claimant, and husband of Mae Thomson Purcell, deceased, former wife of the grantor, Charles E. Thomson, Jr., deceased, appear personally or by counsel at the hearing.

And now, January 25, 1952, further proceedings in the audit of the first partial account of the trustee in this estate will be held in abeyance until appropriate action is taken by the trustee to bring the matter properly before this court.